**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| **TONY V. HAWKINS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CAUSE NO. 3:07-CV-73 AS** |
| **vs.** | ) |
| | ) |
| **GEORGE W. FRANTZ,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Tony V. Hawkins, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in

> a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Hawkins alleges that he was wrongfully arrested and convicted of dealing cocaine. Mr. Hawkins also alleges that he was denied the effective assistance of counsel and that the defendants withheld evidence from him and entrapped him. Mr. Hawkins seeks compensatory damages for his wrongful incarceration, as well as release from confinement and expungement of the conviction.

Where the successful prosecution of a civil rights case would undermine or imply the invalidity of a criminal prosecution, the civil rights case cannot proceed without proof "that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-7 (1994). By requesting that the court expunge his conviction, it is clear that Mr. Hawkins' guilty plea has not been reversed, expunged, or declared invalid. Therefore, any monetary award would undermine and imply the invalidity of Mr. Hawkins' conviction and must be dismissed without prejudice.

In addition, "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481. Therefore, Mr. Hawkins' claims which seek release from confinement or expungement of his conviction should be brought be in a habeas corpus proceeding, not a § 1983 action.

For the foregoing reasons, this case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §1915A.

**IT IS SO ORDERED**

**ENTERED: March 5, 2007**

                                                                 **S/ ALLEN SHARP**
                                                                 **ALLEN SHARP, JUDGE**
                                                                 **UNITED STATES DISTRICT COURT**